WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01420-002-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Brandon Trevor Ball, | |
| Defendant. | |

On October 25, 2018, an initial appearance was held for Defendant Brandon Ball. (Doc. 20.) On November 7, 2018, the Court heard argument from the parties regarding detention. The Court has also considered the pretrial service reports, both memoranda (docs. 44, 45), exhibits, and proffers of the parties. The Court finds Defendant's detention as a flight risk is required under the Bail Reform Act.

**I.    Factual Background.**

Defendant, age 46, is an Arizona resident. He has prior convictions for Theft (1995), Assault (2004), and False Reporting to Police (2006). He has prior felony convictions for Theft of Means of Transportation (2004), Burglary (2004), and Possession of Marijuana (2007). Defendant has no noted international travel except for a vacation cruise.

Defendant's family and friends were present in court on his behalf during the detention hearing. Almost a dozen people were present from the community, and several of those individuals wrote letters to the Court on Defendant's behalf. The Court reviewed the 13 letters contained in Defendant's memorandum. (Doc. 44.) Those individuals

expressed an admiration for Defendant's sobriety and his substantial efforts assisting others in the sobriety community.

But the Court also notes the government stated that its evidence demonstrates Defendant gambled millions of dollars ("up to nine million dollars") at the Salt River Casinos. Defendant is unemployed. The government asserts that during "the execution of the search warrant on defendant's residence, agents found and seized nearly $80,000 in U.S. currency in multiple locations in and around" his master bedroom. (Doc. 45 at 2.)

**II.     The Bail Reform Act.**

The government seeks the detention of Defendant on the ground that he is a serious flight risk and no release condition or combination of conditions exist that would reasonably assure his appearance at future court proceedings if released. After considering the memoranda, exhibits, proffers, argument, and all of the factors set forth in 18 U.S.C. §3142(g), the Court finds that the government has proven by a preponderance of the evidence that Defendant is a serious flight risk and no combination of conditions exist that would reasonably assure his appearance at future court proceedings.

    **a.     Standard of Review.**

The Bail Reform Act, 18 U.S.C. §§ 3141-3150, mandates the release of a person pending trial unless the court "[f]inds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)).  This Court engages in a two-step inquiry before ordering a defendant either be released or detained pending trial. First, the Court must determine whether a defendant presents a "serious risk that [the defendant] will flee," if released from custody. 18 U.S.C. § 3142(f)(2)(A)). Second, if a defendant is likely to flee, the Court must determine whether some set of conditions would sufficiently vitiate that risk. 18 U.S.C. § 3142(g).  The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In determining whether release conditions exist that would reasonably assure a defendant's appearance, Section 3142(g) requires a district court to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). "Only in rare circumstances should release be denied," and any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

**b.    Risk of Flight.**

The Court finds Defendant is a flight risk for which no conditions will reasonably secure his appearance.

**c.    Factors to Consider If Conditions Exist to Reasonably Assure Appearance.**

**1.    Nature and Circumstances of the Crimes Charged.**

Defendant is charged with violations of 18 U.S.C. §§ 1341, 1349 and 2326 for his involvement in a telemarketing fraud scheme. The Indictment alleges the Defendants "worked together in a telemarketing operation to defraud elderly consumers of at least $1,017,000." (Doc. 3 at 1.) The Indictment alleges the Defendant opened a bank account in the name of his company, BB Marketing Consulting, and lists an overt act involving

$36, 969. (*See* Doc. 3 at 4.) The government argues that Defendant would be facing a significant guideline range based upon the loss (up to $1,000,000) and sentencing enhancements based upon financial hardship to the victims (U.S.S.G. § 2B1.1(b)(2)) and vulnerable victim (U.S.S.G § 3A1.1(b)(1)).

Defendant is presumed innocent, but the possible punishment in a case involving numerous counts, potentially over $1,000,000 of loss, and several sentencing enhancements is significant. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("[T]he defendants are charged with multiple counts, and it is reasonable, from their perspective, to look at the potential maximum sentences they face if they were found guilty on each count and sentenced consecutively on each count. . . Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight."). The Court finds that in light of the serious nature and circumstances of the crimes charged, the first § 3142(g) factor favors the government's detention request.

### 2. Weight of the Evidence Against Defendant.

Of the four detention factors a court must consider, the weight of the evidence is the least important of the factors. *Motamedi*, 767 F.2d at 1407. The Court is also mindful that, here, Defendant has had minimal time to review the evidence compared to the government. Nonetheless, the weight of the evidence favors the government. The indictment outlines a multi-year summary of Defendant's conduct. The Court finds the second § 3142(g) factor favors the government, and no set of release conditions would reasonably assure Defendant's appearance at trial or other court proceedings if he were released.

### 3. History and Characteristics of Defendant.

To his credit, Defendant has strong family and community support. Few Defendants have the significant support that was produced at the detention hearing. Defendant's ongoing support of others in the sobriety community is substantial and very commendable. But significantly, Defendant's gambling history is deeply disturbing to the Court. Defendant is unemployed, but he was able to engage in millions of dollars of casino

gambling. One likely source of these gambling proceeds is the fraud conspiracy that targeted elderly individuals. Defendant's repeated and significant gambling also demonstrates that Defendant is not a stable individual. The Court concludes that the allegations in the Indictment and the gambling reflect a substantially different person than the one reflected in the letters of support.

Defendant's criminal history demonstrates serious violations of the law, which reflects an increased risk that he would fail to follow court orders.[1] Defendant's involvement in a conspiracy involving fraud and the targeting of elderly victims is also not a positive factor regarding his history and characteristics.

The Court finds that Defendant's history and characteristics weigh in favor of detention.

**4.    Nature and Seriousness of the Danger to Others if Defendant Were Released.**

This factor does not favor detention. Defendant may be an economic danger to the community, which the Court may consider. *See United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992) (defendant convicted of mail fraud under 18 U.S.C. § 1341 posed an economic or pecuniary danger to the community). But Defendant was the subject of an extended investigation. The charges in the Indictment are public. While Defendant may be an economic danger, that fact is diminished by the public nature of the investigation and this case.

In conclusion, based upon a balancing of the four detention factors, the evidence, and proffers presented, the Court finds that the government has sustained its burden of proof by a preponderance of the evidence that Defendant is a serious flight risk.

**d.    Conditions of Release.**

The Court has considered whether alternatives to custody would suffice in this case. The Court considered GPS monitoring but finds it unsuitable to ameliorate Defendant's risk of flight. If Defendant intended to flee, the GPS device could easily be removed.

---

[1] The Pretrial Services Report also lists six separate arrests for failure to appear. The report shows either a dismissal or "disposition not recorded" for those arrests.

- 5 -

**III.  Conclusion.**

The Court concludes that there are no combination of release conditions that would reasonably assure Defendant's appearance as required. The serious nature of the charges and the evidence before the Court demonstrate Defendant is a serious flight risk. Therefore, the Court finds that the government has sustained its burden of proof by a preponderance of the evidence that Defendant is a serious flight risk and that no condition or combination of release conditions would reasonably assure his appearance at future court proceedings if he were he released.

Accordingly,

**IT IS ORDERED** detaining Defendant as a flight risk.

Dated this 13th day of November, 2018.

Honorable John Z. Boyle
United States Magistrate Judge